UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS STINSON,

                Plaintiff,

-against-

CITY UNIVERSITY OF NEW YORK, *et al.*,

                Defendants.

18-CV-5963 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff, proceeding *pro se*, filed this employment discrimination action against the City University of New York (CUNY), and CUNY employees, Judith Bergtraum and Vincent Green. On August 14, 2018, the Court: (1) under the doctrine of claim preclusion, dismissed with prejudice, Plaintiff's claims that arose during his employment, and (2) dismissed without prejudice, as prematurely filed, the claims that arose after his termination. Familiarity with the August 14, 2018 order is assumed for the purposes of this order.

      On August 28, 2018, Plaintiff filed a letter challenging the August 14, 2018 dismissal order.

      The Court liberally construes this letter as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

After reviewing the arguments in Plaintiff's submission, the Court grants the motion and directs the Clerk of Court to vacate the civil judgment. The Court directs Plaintiff to amend his complaint to assert facts in support of those claims that arose after his termination.

**BACKGROUND**

Plaintiff brought this employment complaint under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; the Family Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§ 2601-2654; and New York State and New York City Human Rights Laws (NYSHRL and NYCHRL).

In the August 14, 2018 order of dismissal, the Court dismissed all of Plaintiff's claims that arose during the time of his employment with CUNY because they were already raised and litigated in *Stinson v. City Univ. of New York*, No. 17-CV-3949 (KBF) (S.D.N.Y. June 6, 2018).[1] In the 17-CV-3949 case, Plaintiff had brought claims against CUNY, Bergtraum, and Vincent – as well as other defendants not named here – under Title VII; §§ 1981, 1983, and 1985; the Americans with Disabilities Act (ADA); 42 U.S.C. §§ 12101-12213; the FMLA; NYSHRL and NYCHRL. He asserted claims of discrimination and retaliation based on his treatment at work ("workplace claims"). Relevant to the order of dismissal in the 17-CV-3949 case, Judge Forrest dismissed Plaintiff's:

1. race discrimination claims brought under Title VII, NYSHRL, and NYCHRL for failure to state a claim;

2. his disability discrimination claims brought under the ADA, NYSHRL, and NYCHRL against CUNY for lack of subject matter jurisdiction;

---

[1] Plaintiff did not appeal Judge Forrest's order of dismissal but instead filed this action.

3. his NYSHRL and NYCHRL disability discrimination claims brought against Bergtraum in her official capacity for lack of subject matter jurisdiction;

4. his FMLA claim against CUNY for lack of subject matter jurisdiction under the Eleventh Amendment;

5. his retaliation claims brought under Title VII, NYSHRL, and NYCHRL for failure to state a claim; and

6. his hostile work environment claim for failure to state a claim.

In the August 14, 2018 order of dismissal, this Court also dismissed as premature Plaintiff's claims of retaliation concerning his application for unemployment benefits ("unemployment benefits claims") because Plaintiff had stated in the complaint that he had not exhausted any of his claims with the Equal Employment Opportunity Commission (EEOC).

In Plaintiff's August 28, 2018 letter, he requested reconsideration of the Court's order arguing that:

1. the dismissal of the FMLA claims for lack of subject matter jurisdiction was not on the merits, and he may bring these FMLA claims against CUNY, Bergtraum, and Green;

2. he intended to bring his retaliation claim, dismissed by the Court as prematurely filed, under Title VI, which does not require exhaustion;

3. he may bring § 1981 claims against Bergtraum and Green in their individual capacities; and

4. the dismissal of Plaintiff's NYSHRL and NYCHRL claims for lack of subject matter was not on the merits.

On May 8, 2019, Plaintiff filed a new employment discrimination action and named as defendants CUNY and Bergtraum. *See Stinson v. City Univ. of New York*, No. 19-CV-4191 (LLS) (S.D.N.Y. July 22, 2019). He reasserts the same facts alleged in his complaint in this action, including facts related to his unemployment benefits claim, but he does not attach a right-to-sue letter from the EEOC. On July 22, 2019, the Court dismissed the complaint under the doctrine of claim and issue preclusion, as well as under the Eleventh Amendment.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

**A.     Judge Forrest's decision has preclusive effect on all of Plaintiff's workplace claims**

In the 11-CV-3949, Judge Forrest dismissed Plaintiff's FMLA claims for lack of subject matter jurisdiction. As such a dismissal is not on the merits, the doctrine of claim preclusion does not apply. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (noting that

"[u]nder the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action") (citations and internal quotation marks omitted). But the doctrine of issue preclusion does: "Although claim preclusion does not apply to the dismissal of [the plaintiff's] prior claims for lack of subject matter jurisdiction – because such decision is not 'on the merits' for claim preclusion purposes – the specific question of jurisdiction cannot be reviewed again [in a new action]." *O'Callaghan v. New York Stock Exch.*, No. 12-CV-7247 (AJN) (SN), 2013 WL 3984887, at *10 (S.D.N.Y. Aug. 2, 2013), *aff'd*, 563 F. App'x 11 (2d Cir. 2014)

The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

As Judge Forrest decided that the Court lacked subject matter jurisdiction over Plaintiff's FMLA claims, "the specific question of jurisdiction cannot be reviewed again here." *O'Callaghan*, 2013 WL 3984887, at *10.

**B.     Plaintiff may bring his retaliation claim under Title VI and Title VII after he has exhausted his administrative remedies**

Plaintiff alleges that Defendants retaliated against him by opposing his application for unemployment insurance benefits for discriminatory reasons and for his prior EEO activity. The Court dismissed this claim, construed as arising under Title VII, as prematurely filed; Plaintiff had expressly stated that he had not exhausted his administrative remedies. Plaintiff now states that he also intended to bring this claim under Title VI, which does not require exhaustion.

5

**C. The Court grants Plaintiff 30 days' leave to amend his complaint to plead facts in support of his retaliation claim**

At this stage, because Plaintiff most likely has received a right-to-sue letter from the EEOC, the Court grants him leave to file an amended complaint to assert facts in support of his claim that CUNY violated Title VI and Title VII when it opposed his application for unemployment benefits. The Court directs Plaintiff to attach a copy of his right-to-sue letter showing that he exhausted this claim, and if he does not have the letter, state facts explaining why not.

## CONCLUSION

The Court grants Plaintiff's motion for reconsideration (ECF No. 9) and directs the Clerk of Court to vacate the civil judgment. Plaintiff is granted 30 days to amend his complaint to assert facts in support of his unemployment benefits claim.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 30, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.