USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/4/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS STINSON,

                Plaintiff,

v.

CITY UNIVERSITY OF NEW YORK; JUDITH BERGTRAUM, *in her official and individual capacity*; VINCENT GREEN; *in his official and individual capacity*,

                Defendants.

No. 18-CV-5963 (RA)

MEMORANDUM OPINION & ORDER

---

On June 28, 2018, Plaintiff Marcus Stinson filed this action against Defendants City University of New York ("CUNY"), Judith Bergtraum, and Vincent Green, alleging that they unlawfully retaliated against him following his termination in August 2017. After Defendants filed a motion to dismiss on December 2, 2019, Plaintiff moved the Court to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants oppose Plaintiff's motion. For the reasons that follow, Plaintiff's motion is granted, Defendants' motion is denied as moot, and the case is dismissed without prejudice.

## BACKGROUND

The Court assumes that the parties are familiar with the facts and procedural history of this case. Therefore, only what is relevant to this Order is set forth below.

Plaintiff filed this action on June 28, 2018. Dkt. 2. On August 14, 2018, Judge Stanton, to whom this case was originally assigned, *sua sponte* dismissed the complaint as "prematurely filed." Dkt. 6. On August 28, 2018, Plaintiff asked Judge Stanton to reconsider that decision. Dkt. 9. That same day, however, Plaintiff filed a second letter

"ask[ing] for the Court to disregard [his] letter request . . . for reconsideration," explaining that "[i]t was mailed in error" and he is "not requesting reconsideration of the Court's decision." Dkt. 8. Nonetheless, on July 30, 2019, Plaintiff's reconsideration request was granted and he was given "leave to file an amended complaint to assert facts in support of his claim that CUNY violated Title VI and Title VII when it opposed his application for unemployment benefits." Dkt. 10.

Shortly thereafter, on August 13, 2019, Plaintiff filed an amended complaint. Dkt. 11. One month later, the case was reassigned to this Court. On December 2, 2019, Defendants filed the pending motion to dismiss. Dkt. 24. Instead of filing an opposition brief, on December 26, 2019, Plaintiff asked the Court to transfer the action to the Eastern District of New York, where he has another pending civil action against Defendants, *Stinson v. G-Square Consulting & CUNY*, No. 19-CV-13 (KAM) (E.D.N.Y.).[1] Dkt. 28. Defendants opposed his transfer request, citing the "first-filed" rule, which "dictates that the instant, first-filed lawsuit" – this action – "should have priority." Dkt. 29. Before the Court could address Plaintiff's transfer request, Plaintiff filed the instant motion on February 27, 2020, seeking to dismiss this case without prejudice pursuant to Rule 41(a)(2). Dkt. 31. Defendants opposed this request as well on the grounds that Plaintiff's conduct "constitutes blatant forum shopping" because he is attempting to avoid the application of the "first-filed" rule in the Eastern District. Dkt. 32.

---

[1] With this letter, Plaintiff also filed a second amended complaint, but "ask[ed] the Court to first address the [r]equest for [t]ransfer to the Eastern District of New York, prior to addressing the proposed filing of the second amended complaint." Dkt. 28. Defendants subsequently informed the Court that "it [will] rel[y] on the previously filed motion to dismiss" and that "[t]he proposed Second Amended Complaint should therefore be dismissed for the same reasons set forth in [Defendants'] motion to dismiss the Amended Complaint." Dkt. 29.

2

**LEGAL STANDARD**

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, [this] dismissal . . . is without prejudice." *Id.* Whether to grant a Rule 41(a)(2) motion is "within the district court's sound discretion." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001).

"Generally, a motion under Rule 41(a)(2) 'will be allowed if the defendant will not be prejudiced thereby.'" *Jimenez v. Supermarket Serv. Corp.*, No. 01-CV-3273 (DLC), 2002 WL 662135, at *6 (S.D.N.Y. Apr. 22, 2002) (quoting *Catanzano*, 277 F.3d at 109); *see also Benitez v. Hitachi Metals Am., Ltd.*, No. 11-CV-6816 (NRB), 2012 WL 3249417, at *1 (S.D.N.Y. Aug. 6, 2012) ("[T]here is a general presumption that motions to dismiss claims without prejudice should be granted." (internal citations omitted)). "The mere prospect of a second lawsuit or some tactical disadvantage is not sufficient legal prejudice to prevent a Rule 41(a)(2) dismissal." *Jaskot v. Brown*, 167 F.R.D. 372, 373 (S.D.N.Y. 1996).

"The Second Circuit has identified five factors relevant to considering whether a motion for voluntary dismissal without prejudice should be granted." *Am. Fed'n of State, Cty. & Mun. Employees v. Pfizer, Inc.*, No. 12-CV-2237 (JPO), 2013 WL 2391713, at *2 (S.D.N.Y. June 3, 2013). These factors – known as the *Zagano* factors – are: (1) "the plaintiff's diligence in bringing the motion," (2) "any 'undue vexatiousness' on plaintiff's part," (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial," (4) "the duplicative expense of relitigation," and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham*

3

*Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

## DISCUSSION

Analyzing the *Zagano* factors in the context of this case, the Court concludes that they, on balance, weigh in the *pro se* Plaintiff's favor and thus grants his motion.

**I.    Diligence**

The first *Zagano* factor weighs in Plaintiff's favor.  A plaintiff is often considered sufficiently diligent in moving for a voluntary dismissal so long as the motion was made "before discovery begins in earnest." *Sec. Exch. Comm'n v. One or More Unknown Purchasers of Sec. of Telvent GIT*, No. 11-CV-3794 (TPG), 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013).  Other courts account for "whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action." *Ascentive, LLC v. Opinion Corp.*, No. 10-CV-4443 (ILG), 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012).  Generally speaking, however, "[i]n order for the plaintiff's delay to militate against a grant of dismissal, the [defendant] must show that it expended resources or otherwise detrimentally relied on a reasonable expectation that the plaintiff would pursue its remaining claims." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-CV-9649 (JFK), 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006).

Here, Plaintiff moved with sufficient diligence in filing his Rule 41(a)(2) motion.  Although this action has been pending for almost two years, Plaintiff is not primarily at

fault for that delay.  As previously explained, two months after he filed the complaint, Judge Stanton dismissed the case *sua sponte*, and Plaintiff's motion for reconsideration was not granted until one year later.  The relevant timeline for analyzing Plaintiff's diligence in bringing this motion, therefore, begins after his motion for reconsideration was granted on July 30, 2019 and he filed an amended complaint on August 13, 2019.

With that timeline in mind, Plaintiff's diligence in filing the Rule 41(a)(2) motion is more evident.  Approximately four months after filing his amended complaint, Plaintiff asked the Court to transfer this action to the Eastern District, and two months after that, he filed the present Rule 41(a)(2) motion.  During that period, the only resources expended by Defendants was in filing the pending motion to dismiss and letters opposing Plaintiff's transfer and voluntary dismissal requests.  This case is thus "far from being on 'the eve of trial.'"  *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (granting a Rule 41(a)(2) motion even though "th[e] action has been pending for nearly four years [and] has been relatively dormant for at least three of the four years").

Moreover, in considering whether Plaintiff acted diligently here, the Court must give his *pro se* status "special solicitude."  *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994); *see also Triestman v. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'").  Plaintiff's *pro se* submissions suggest an intention to withdraw this action long before he made the formal request to do so on February 27, 2020.  On August 28, 2018, the same day that he filed his motion for reconsideration, Plaintiff filed a second letter "ask[ing] for the Court to disregard the letter request . . . for reconsideration" because "[i]t was mailed in error."

5

Dkt. 8. He stated clearly: "I am not requesting reconsideration of the Court's decision [to dismiss]." *Id.* While his reconsideration request was nonetheless considered – and granted – by Judge Stanton, Plaintiff's letter reflected a desire *not* to oppose the dismissal of this action. Furthermore, on February 25, 2020, Plaintiff explained to the judge presiding over his action in the Eastern District that he had only filed his amended complaint in this Court because he "thought that [he] had to re-file in the SDNY Court to prevent a default judgment against [him]" once his reconsideration motion was granted and "did not know that [he] could allow the 30-day SDNY order to expire." *Stinson v. G-Square Consulting & CUNY*, No. 19-CV-13 (KAM), Dkt. 56 (E.D.N.Y. Feb. 25, 2020).

As such, in light of the fact that Plaintiff moved to dismiss this action at a relatively early stage – prior to any decision on Defendants' motion to dismiss – and given that Plaintiff filed a prior submission reflecting an intention to seek dismissal of this action, the Court finds that Plaintiff has acted with due diligence in bringing this motion. *See Triestman*, 470 F.3d at 475 (explaining that liberally construing a *pro se* plaintiff's submissions is intended "to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training").

## II.     Undue Vexatiousness

Next, the Court deems the second *Zagano* factor to be neutral. In determining if a plaintiff is vexatious, courts consider whether a plaintiff brought an action "to harass the defendant" or if the plaintiff has "ill-motive." *Marquez v. Hoffman*, No. 18-CV-7315 (ALC), 2020 WL 729664, at *3 (S.D.N.Y. Feb. 13, 2020). "Courts find ill-motive where, for example, the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed . . .; or where the plaintiff filed duplicative

6

actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal." *Paulino v. Taylor*, 320 F.R.D. 107, 110 (S.D.N.Y. 2017).

Defendants do not explicitly argue that Plaintiff is being vexatious in seeking to voluntarily dismiss this action, but their letters opposing his transfer and dismissal request can be read as such. Defendants contend that "Plaintiff is a frequent filer of baseless employment discrimination lawsuits against [them]." Dkt. 29. More specifically, they assert that his Rule 41(a)(2) motion should be denied because he is engaged in a form of forum shopping in seeking to litigate his allegations in the Eastern District and trying to circumvent the application of the "first-filed" rule there. Dkt. 32.

As an initial matter, some courts in this jurisdiction have questioned whether "forum shopping qualifie[s] as a form of vexatious action . . . , not[ing] that courts in this jurisdiction do not ordinarily consider potential forum shopping implications in deciding Rule 41(a)(2) motions." *Am. Fed'n of State, Cty. & Mun. Employees*, 2013 WL 2391713, at *3. Nonetheless, even assuming *arguendo* that "forum shopping qualifie[s] as a form of vexatious action," *id.*, that would not preclude granting Plaintiff's motion here. The Court does not condone Plaintiff's history of filing numerous – and sometimes – overlapping actions.[2] Nor can the Court disregard that Plaintiff filed the pending action in the Eastern District while this case was still pending. However, as previously explained, Plaintiff's *pro se* status warrants some "solicitude." *Ruotolo*, 28 F.3d at 8.

Next, although Plaintiff has filed other actions in the Southern District, those actions alleged discrimination by Defendants during the course of his employment. *See*

---

[2] *Compare Stinson v. CUNY et al.*, No. 17-CV-3949 (KBF) (S.D.N.Y.) (dismissed on June 6, 2018), *with Stinson v. CUNY et al.*, No. 19-CV-4191 (LLS) (S.D.N.Y.) (dismissed on July 19, 2019).

7

*Stinson v. CUNY et al.*, No. 19-CV-4191 (LLS) (S.D.N.Y.); *Stinson v. CUNY*, No. 17-CV-3949 (KBF) (S.D.N.Y.).  By contrast, the claims presented here, as well as in the Eastern District, pertain to alleged discrimination after he was terminated in August 2017.  *See* Dkt. 11.

Moreover, the Court cannot say for certain that Plaintiff's filing of the Eastern District action while this one was ongoing was vexatious.  Plaintiff filed his complaint in the Eastern District on July 29, 2019 – approximately a year after this case was *sua sponte* dismissed as premature and he had sought to withdraw his motion for reconsideration on August 14 and 28, 2018, respectively.  Therefore, when Plaintiff filed his complaint in the Eastern District, his motion for reconsideration had not yet been ruled on and he had reason to believe, in light of his withdrawal request, that it would not be ruled on.  If his motion for reconsideration had been withdrawn without review as he requested, Plaintiff could have proceeded in the Eastern District without application of the "first-filed" rule.  Considering Plaintiff's *pro se* status, the Court can see how this procedural posture might have been confusing to him.  In light of these circumstances, the Court cannot conclude that Plaintiff was either attempting to harass or had ill-motive toward Defendants when he filed the Eastern District action.  *See Marquez*, 2020 WL 729664, at *4 (noting that it is "sympathetic" to the *pro se* plaintiff in light of the difficulties of litigating while *pro se*).

### III. Progress of the Lawsuit

Like the first factor, this one also weighs in Plaintiff's favor.  Many courts consider "[t]he extent to which a suit has progressed . . . of 'primary importance'" in resolving a Rule 41(a)(2) motion.  *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*,

8

No. 05-CV-3939 (CM), 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2., 2008).  "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred."  *Am. Fed'n of State, Cty. & Mun. Employees*, 2013 WL 2391713, at *4; *see also Baldanzi v. WFC Holdings Corp.*, No. 07-CV-9551 (LTS), 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010) ("Courts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate.").

This suit has not progressed far, and certainly not to the point that courts in this district generally deem too far to grant a voluntary dismissal.  Here, only a motion to dismiss has been filed, one that remains pending.  No discovery, summary judgment briefing, or trial preparation has occurred.  And the Court has yet to resolve a substantive motion.

In other words, although this action was filed some time ago, it remains at a relatively early stage.  During this period, Defendants have not expended significant resources, having only filed a motion to dismiss on December 2, 2019.  Dkt. 24.  In addition, Plaintiff is not primarily at fault for the delay in progressing this case.  Because "this [*Zagano*] factor weighs against dismissal only if the case has progressed to an advanced stage, such as the eve of trial, or when discovery is complete and partial dispositive motions have been adjudicated," this factor does not suggest that dismissal would be prejudicial for Defendants at this time.  *Reynolds v. OneWest Bank, FSB*, No. 11-CV-81, 2011 WL 5357503 , at *3 (D. Vt. Nov. 7, 2011) (internal citations omitted).

9

## IV. Duplication of Efforts

The fourth *Zagano* factor – "the potential duplicative expense of relitigation," *Am. Fed'n of State, Cty. & Mun. Employees*, 2013 WL 2391713, at *4 – also supports granting Plaintiff's motion. As previously discussed, this case remains at an early stage and, without yet engaging in discovery, neither party has expended significant resources. Moreover, what resources Defendants have thus far expended – in gathering the facts and filing the pending motion to dismiss – will remain of value if Plaintiff's claims are further litigated in the Eastern District. *See Jaskot*, 167 F.R.D. at 374 ("To the extent that the claims reappear, the same arguments and facts can be used at that time."). As one court in this district explained, "the prospect of starting an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw." *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 16-CV-5393 (KMW), 2018 WL 1115517, at *3 (S.D.N.Y. Feb. 26, 2018).

## V. Adequacy of Plaintiff's Explanation

As to the final *Zagano* factor, the Court finds that Plaintiff's explanation for dismissing this action – while arguably "dubious," *Baldanzi*, 2010 WL 125999, at *4 – does not warrant denying his motion. When analyzing this factor, courts inquire into whether a plaintiff "offers a reasonable explanation for why [he] wishes to have [his] remaining claims voluntarily dismissed without prejudice." *Banco Cent. De Paraguay*, 2006 WL 3456521, at *7. "Courts may consider both stated and unstated explanations." *Reynolds*, 2011 WL 5357503, at *4. Plaintiff has not explicitly stated why he is seeking to dismiss this action. But the Court can infer from his letters that he does so with the

intention of instead litigating this matter in the Eastern District. Dkt. 31. Defendants assert this is a sufficient reason to deny his motion because his conduct "constitutes blatant forum shopping." Dkt. 32.

In reviewing Rule 41(a)(2) motions, courts in this district have considered similar facts as presented here, with one party alleging that the other is improperly seeking dismissal without prejudice to engage in a means of forum shopping. Broadly speaking, however, those courts have concluded that, so long as the other *Zagano* factors weigh in favor of dismissal, a suggestion of forum shopping is alone insufficient to deny a Rule 41(a)(2) motion. In *American Federation of State, County and Municipal Employees v. Pfizer, Inc.*, for instance, the court noted that, "[i]n seeking voluntary dismissal, Plaintiffs are merely allowing a preexisting lawsuit filed in a different district by a different plaintiff to proceed" because of "their desire to litigate th[e] case in the Seventh Circuit, which they believe has more favorable RICO precedent." *Am. Fed'n of State, Cty. & Mun. Employees*, 2013 WL 2391713, at *3, 5. The court nonetheless determined that, while "[t]his justification is questionable," it is not dispositive and "any shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors." *Id.* at *5. Similarly, in *Brooks v. Sposato*, the defendants asked the court to deny a Rule 41(a)(2) motion because of concerns that "plaintiff may attempt to file additional lawsuits arising out of the same set of facts, should his claims be dismissed without prejudice." Nos. 11-CV-2598, 12-CV-4740, 2013 WL 9745101, at *2 (E.D.N.Y. Mar. 7, 2013). While "sympathetic to th[ose] concerns," the court explained that "that fact alone does not warrant denial of plaintiff's request," in part "[s]ince the litigation is still at a relatively early stage." *Id.* Finally, in *Jaskot v. Brown*, "the plaintiff indicate[d] that he wishe[d] to

11

dismiss this action because he s[ought] to combine all of his pending complaints against the defendant in one action." 167 F.R.D. at 374 (explaining that "[the plaintiff] would like the dismissal of this case to be without prejudice so that he could rely on the events alleged in this complaint in a subsequent action"). There, too, the court granted the dismissal request, noting that "the mere fact that the plaintiff may seek to include the allegations contained in this complaint in a subsequent proceeding is not sufficient legal prejudice." *Id.*; *see also Reynolds*, 2011 WL 5357503, at *4 ("The potential that dismissal is also motivated by Plaintiff's forum shopping does not alter th[e] conclusion . . . [that] Plaintiff's asserted ground for dismissal is not patently unreasonable.").

Finally, as Plaintiff explains, "[t]he bulk of [his] suit is in the Eastern District." Dkt. 31. Whereas here only a claim under Title VI – and potentially under Title VII – are raised regarding Defendants' alleged post-termination conduct, *see* Dkt. 25 (Defs.' Mot. to Dismiss) at 4 n.5, Plaintiff has alleged additional claims based on that conduct in the Eastern District action. *See Stinson v. G-Square Consulting & CUNY*, No. 19-CV-13 (KAM), Dkt. 25 (E.D.N.Y. Dec. 10, 2019); *see also Jaskot*, 167 F.R.D. at 374 ("[T]he plaintiff's asserted reason for seeking the dismissal of this action, that is, so he can consolidate his claims against this defendant in one action, serves the interests of judicial economy.").

Accordingly, the suggestion that Plaintiff is engaged in forum shopping is not, on its own, a sufficient reason to deny the present motion. As noted above, it is well established that "[t]he mere prospect of . . . some tactical disadvantage," which Defendants suggest would be litigating these allegations in the Eastern District, "is not sufficient legal prejudice to prevent a Rule 41(a)(2) dismissal." *Jaskot*, 167 F.R.D. at

373. While the Court is sympathetic to Defendants' concerns, the factors on balance weigh in favor of granting Plaintiff's motion, particularly in light of his *pro se* status and that the case is still in an early stage. *See Kwan*, 634 F.3d at 230 (holding that no factor, "singly or in combination with another, is dispositive").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a)(2) is granted. The Clerk of Court is respectfully directed to terminate any pending motions and close this case.

Dated:   May 4, 2020
         New York, New York

                                          _____
                                          Ronnie Abrams
                                          United States District Judge