# Honorable Judge Ronnie Abrams, U.S.D.J.

<u>United Stated District Court of the Southern District of New York</u>

Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

March 11, 2021

Dear Judge Abrams:

 The March 3, 2021 letter that prompted the Court's March 5, 2021 order may have caused some confusion. I thought that the Court's ruling on March 5, 2021 was related to pending SDNY case no. 1:20-CV-08701-LLS. After your order, I asked Judge Stanton for permission to amend 1:20-CV-08701-LLS.

 The primary issue at-hand is whether I can sue under Title VII in the Eastern District of New York. I've asked the Eastern District for permission to add a Title VII claim.

 Post termination, CUNY has put forth several narratives about why I was suspended without pay, why I was banned from CUNY property, why I was terminated, why my unemployment benefits were challenged and much-much more. CUNY's narratives lack consistency. There are several contradictions in CUNY's narratives.

 CUNY has also engaged in several adverse actions against me, since my termination. These adverse actions hindered my ability to receive unemployment benefits and potentially be reinstated to my civil service job. CUNY has also hindered my ability to resolve the property ban that CUNY issued against me (allegedly on non-CUNY employee Vincent Green's orders) in 2017.

 This is all very confusing.

**<u>Example</u>**:

 Post termination, CUNY now claims that Vincent "Vinny" Green (my former supervisor) had the authority to determine that my 8-to-4 pm reasonable accommodation schedule was an "undue hardship" to CUNY.

 In other words, Green was able to supersede CUNY's Office of Human Resources Management ("OHRM"), make his own "undue hardship" determination on my

reasonable accommodation schedule and subsequently escalate his cancellation of my reasonable accommodation schedule to the ADA/Rehab Act appeals stage at CUNY.

Prior to my termination, CUNY never made <u>any</u> mention of <u>any</u> "undue hardships". Reasonable accommodations were handled by CUNY's OHRM. If the employee disagreed with OHRM's reasonable accommodation decision, the matter was elevated to the ADA/Rehab Act appeals stage.

Prior to my termination, I received two reasonable accommodation decision letters from CUNY. Neither reasonable accommodation decision letter made <u>any</u> mention of <u>any</u> "undue hardship". Neither letter was issued by Vincent Green.

There is an email from Green and a memorandum from Green regarding this matter. Neither document makes any mention of my 8-to-4 pm reasonable accommodation schedule being an "undue hardship".

This matter relates back to 1:17-CV-03949-(KBF). Nowhere in that case is there a mention of CUNY claiming that my 8-to-4 pm schedule was an "undue hardship" as determined by Vincent Green. CUNY has effectively reinvented the wheel.

CUNY's new narrative is of considerable significance, because this reasonable accommodation matter was used (by CUNY) to justify my termination from CUNY.

CUNY has used its own made up email chains to support their efforts against me. I never received CUNY's answers to my unemployment grievance with the New York State Dept. of Labor. I've asked for these documents several times. CUNY has acknowledged its existence, but has never provided me with its response. The list of problems with evidence goes on and on...

I filed an EEOC charge in early 2020. The charge was timely. The charge referenced EDNY case 1:18-CV-04773-(KAM)(LB). The charge referenced the 8-to-4 pm schedule matter.

The EEOC informed me that I would be provided with a right-to-sue letter. The six month requirement for the exhaustion of administrative remedies elapsed. No right-to-sue letter  was ever issued. I contacted the EEOC several times to no avail.

CUNY's narrative of forum shopping/judge shopping is misleading. The truth is that CUNY's narrative about my past employment keeps on changing; which creates confusion.

      1:18-CV-05963-(RA) is referenced in 1:20-CV-08701-(LLS), but the complaint makes no mention of reopening 1:18-CV-05963-(RA).

      Contrary to CUNY's forum shopping belief(s), I'm not "setting sail for fairer waters" in the Southern District of New York.

      The waters in the Southern District of New York have not been "smooth sailing" for me.

      1:17-CV-03949-(KBF) was dismissed in its entirety. There was no opportunity to re-plead and correct deficiencies in the complaint. As such, there's was no discovery. It has been a struggle uphill ever since then.

      Needless to say, CUNY will surely use this exchange as further evidence of forum shopping/judge shopping.

      I Thank the Court for Its Time.

      I will attempt to resolve these matters in the Eastern District.

      Respectfully Submitted to the Court.

      Sincerely,

      s/Marcus Stinson

---

To the extent that Plaintiff's March 3, 2021 letter can be interpreted as a motion to reopen, that motion appears to have been withdrawn.  Accordingly, Plaintiff's motion to reopen this case, Dkt. 37, is denied as moot as is Defendants' motion to reconsider the order reopening the case, Dtk. 39.  The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.
SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
March 15, 2021